# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-48-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| BORGWARNER INC., | ) | |
| BORG-WARNER AUTOMOTIVE, INC., | ) | |
| BORGWARNER POWDERED METALS, INC., | ) | |
| and | ) | |
| BORGWARNER MORSE TEC INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWERING BRIEF OPPOSING DEFENDANTS' MOTION UNDER FED. R. CIV. P. 12(f) TO STRIKE PLAINTIFF'S ALLEGATIONS <u>OF INEQUITABLE CONDUCT IN THE COMPLAINT</u>**

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiff Hitachi, Ltd.*

*Of Counsel:*

Michael D. Kaminski
Pavan K. Agarwal
Liane M. Peterson
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

Dated: March 11, 2005
154485.1

**I.      STATEMENT OF NATURE AND STAGE OF PROCEEDING**

Plaintiff Hitachi, Ltd. initiated this action for a declaratory judgment of non-infringement, invalidity and unenforceability of United States Patent No. 5,497,738 ("the '738 patent") against Defendants BorgWarner Inc., Borg-Warner Automotive, Inc., BorgWarner Powdered Metals, Inc., and BorgWarner Morse TEC Inc. (collectively "BorgWarner"). In partial response to Hitachi's Complaint, BorgWarner filed a motion under Federal Rule of Civil Procedure 12(f) to strike Hitachi's allegations of inequitable conduct from the Complaint, Paragraph 15. D.I. 8. Hitachi opposes BorgWarner's motion.

**II.     SUMMARY OF ARGUMENT**

Hitachi's allegations of inequitable conduct pled in Paragraph 15 of its Complaint fully meet the requirements of Fed. R. Civ. Pr. 9(b).

First, Hitachi's Complaint specifically states that the '738 patent is unenforceable because BorgWarner failed to disclose U.S. Patent No. 4,627,825 ("the Bruss patent"; Appendix Exhibit 1) to the U.S. Patent & Trademark Office ("USPTO"). Hitachi's specific identification of the prior art forming the basis of the inequitable conduct allegation, i.e., the Bruss patent, in-and-of-itself meets the pleading requirements of Rule 9(b). "Pleadings that disclose the name of the relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b)." *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996).

Furthermore, Paragraph 15 contains further details of the alleged bad acts. Paragraph 15 sets forth "when" and "how" BorgWarner first become aware of the Bruss patent: during a co-pending Interference involving BorgWarner and the same technology.

1

Second, in any event, Fed. R. Civ. P. 9(b) does not require identification of who committed the inequitable conduct and when it occurred. Besides, all of the details said by BorgWarner to be lacking from Hitachi's Complaint are directly available from the public record already in BorgWarner's possession—BorgWarner's own prosecution histories (i.e., the documents from the USPTO) for an Interference involving BorgWarner and the patent-at-issue.

Third, in an overabundance of caution, in this brief, Hitachi pulls out facts from those publicly-available prosecution histories and sets them forth herein to further detail the facts alleged in the Complaint.

Fourth, BorgWarner relies on legal precedent involving situations where a party only pled "inequitable conduct" with essentially no details whatsoever, which is not the present situation.

Because Hitachi's inequitable conduct allegations satisfy the specificity requirements of Fed. R. Civ. P. 9(b), BorgWarner's motion to strike them should be denied.

## III.   STATEMENT OF FACTS

### A.   Allegations in Hitachi's Complaint Regarding the Inequitable Conduct

During the prosecution of the '738 patent, BorgWarner failed to disclose the Bruss patent to the USPTO. Complaint, ¶ 15. BorgWarner became aware of the Bruss patent during Patent Office Interference No. 102,923 ("Interference") that involved BorgWarner's U.S. Patent No. 5,002,023 ("the '023 patent") and was co-pending with the prosecution of the '738 patent. *Id*. Both the '023 patent and the '738 patent relate to variable camshaft timing systems for internal combustion engines. *Id*. BorgWarner's Interference counsel was also involved in the prosecution of the '738 patent. *Id*.

In Paragraph 15 of the Complaint, Hitachi alleges that the Bruss patent would have been "material" (in both a patent law sense and a technical sense) to the patentability of at least claim 10 of the '738 patent (the only claim that Hitachi raised in its Complaint), and actually renders claim 10 invalid. *Id*. Hitachi alleges that BorgWarner's counsel withheld the Bruss patent from the USPTO in connection with the prosecution of the '738 patent for reasons unknown at this time, despite the fact that BorgWarner's counsel knew about the Bruss patent from the concurrent Interference. Accordingly, the USPTO did not consider the Bruss patent during prosecution of the '738 patent. *Id*. The intentional withholding of the Bruss patent is alleged to have been the reason why the '738 patent issued. *Id*.

> **B. Additional Facts From the Publicly-Available Prosecution Histories (All Originating from BorgWarner) to Exemplify the Inequitable Conduct Allegations**

The following facts come from the publicly-available prosecution histories referenced in Paragraph 15: BorgWarner's in-house counsel, Greg Dziegielewski, was substantively involved in the Interference. On July 10, 1992, Mr. Dziegielewski designated Thomas Meehan of Willian Brinks Olds Hofer Gilson & Lione as the lead attorney for the Interference. Appendix Exhibit 2, page 2 (Appendix Exhibit 2 comprises selected pages from the prosecution history of Interference No. 102,923).

During the time period from October 14, 1992 through March 29, 1994, Mr. Dziegielewski received at least twenty-three documents from the Interference according to the Certificates of Service for these documents. Exhibit 2, *passim*. From April 11, 1996 through June 28, 1996, Mr. Dziegielewski received a copy of the "final decision," as well as other correspondence from the Board of Patent Appeals and Interferences. Exhibit 2, *passim*.

3

The Bruss patent was extensively discussed during the Interference by both parties, who cited the Bruss patent in various motions, oppositions, and replies during the course of the Interference. For example, in an "opposition brief" filed on October 17, 1992, the senior party (i.e., BorgWarner's opponent in the Interference) presented arguments that the junior party's (i.e., BorgWarner's) claim was unpatentable over the Bruss patent. Exhibit 2, pages 21-22. The Certificate of Service for this "opposition brief" lists BorgWarner and Mr. Dziegielewski as receiving the brief. Exhibit 2, page 31. As another example, the senior party cited the Bruss patent again in a "reply brief" filed on December 9, 1992. Exhibit 2, pages 62-64. Again, the corresponding Certificate of Service indicates receipt by BorgWarner and Mr. Dziegielewski. Exhibit 2, page 66. As an additional example, both the junior and senior parties presented arguments with respect to the Bruss patent in briefs filed on September 28, 1992, November 23, 1992, and January 31, 1994. Exhibit 2, pages 6, 46-47, 98-99, 105-106. The Certificate of Service of the September 28, 1992 senior party brief also lists BorgWarner and Mr. Dziegielewski as receiving that document. Exhibit 2, page 3.

While the Interference was pending, BorgWarner's application leading to the '738 patent was being prosecuted, in which Mr. Dziegielewski was substantively involved. He is listed as an "attorney of record" on the cover page of the '738 patent. Appendix Exhibit 3, page 2. (Appendix Exhibit 3 comprises selected pages from the prosecution history of the '738 patent). Mr. Dziegielewski signed and filed a response to a so-called "Notice of Missing Parts" on June 24, 1993. Exhibit 3, page 3. He is also listed in the "Powers of Attorney" filed on June 24, 1993 and November 29, 1993. Exhibit 3, pages 5, 8. He signed a Terminal Disclaimer on November

4

29, 1993.  Exhibit 3, pages 11-12.  Mr. Dziegielewski also signed a certificate under 37 C.F.R. § 3.73(b) on December 20, 1993.  Exhibit 3, pages 13-17.

For yet unknown reasons, BorgWarner did not cite the Bruss patent to the USPTO during the prosecution of the patent-in-suit, the '738 patent, as alleged in Paragraph 15 of the Complaint.

**IV.     ARGUMENT**

This Court disfavors granting motions to strike under Fed. R. Civ. P. 12(f) for insufficiently pleading a defense.  *Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*, 820 F. Supp. 150, 154 (D. Del. 1992).  When ruling on a Rule 12(f) motion, "the court must construe all facts in favor of the nonmoving party . . . and deny the motion if the defense is sufficient under the law."  *TruePosition, Inc. v. Allen Telecom, Inc.*, No. 01-823, 2003 U.S. Dist. LEXIS 881, at *4 (D. Del. Jan. 21, 2003) (Appendix Exhibit 4).

Allegations of inequitable conduct are subject to the pleading requirements of Fed. R. Civ. P. 9(b).  *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 734 (D. Del. 2002).  The purpose of Rule 9(b) is "to place the [parties] on notice of the precise misconduct with which they are charged."  *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, No. 99-CV-274, 2000 U.S. Dist. LEXIS 14648, at *8 (D. Del. Sept. 29, 2000) (Appendix Exhibit 5) (citing *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).  Here, BorgWarner was certainly put "on notice of the precise misconduct with which they are charged."  Contrary to BorgWarner's contention requiring who, what, where and when, such allegations may fulfill this requirement, "but nothing in the rule requires them."  *Seville*, 742 F.2d at 791.

5

Hitachi's original inequitable conduct allegations plainly meet the pleading requirement of Rule 9(b)—it has placed BorgWarner on notice of the *precise misconduct* alleged with respect to the '738 patent. Hitachi specifically identified the Bruss patent as the "material" prior art that BorgWarner failed to disclose to the USPTO. Any other information which is alleged to be lacking by BorgWarner is easily available from the publicly-available prosecution histories referenced in Hitachi's Complaint. Nonetheless, Hitachi has identified additional factual information in this Brief to more particularly support its inequitable conduct claim. Consequently, BorgWarner's motion to strike Hitachi's inequitable conduct allegations should be denied.

> **A.** **Hitachi's Specific Identification of the Bruss Patent as the Undisclosed Prior Art Is In-And-of-Itself Sufficient Pleading, According to Legal Decisions of this Court; And Hitachi Provided Much More**

Hitachi's Paragraph 15 identified the following specific factual information with respect to BorgWarner's inequitable conduct in procuring the '738 patent: (1) the patent number (U.S. Patent No. 4,627,825) and the named inventor (Bruss) of a prior art patent (the Bruss patent, Exhibit 1) that BorgWarner failed to disclose to the USPTO; (2) a description of how BorgWarner's counsel became aware of the Bruss patent (through Interference No. 102,923); (3) an explanation of how the Interference relates to the prosecution of the '738 patent (the same attorney, same subject matter, and co-pending proceedings); and (4) an allegation that the Bruss patent is material to patentability of claim 10 of the '738 patent and that BorgWarner knowingly and willfully withheld the Bruss patent from the USPTO.

Hitachi's specific identification of the Bruss patent as material prior art not disclosed to the USPTO by BorgWarner during prosecution of the '738 patent is in-and-of-itself meets the

6

heightened pleading requirements. "Pleadings that disclose the name of the relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b)." *EMC*, 921 F. Supp. at 1263 (citing *Schwarzkopf*, 820 F. Supp. at 154). Similarly, in *Schwarzkopf*, this Court denied a motion to strike where the supplemental pleadings specified only the name of a prior art reference that the patentee failed to disclose to the USPTO. *Schwarzkopf*, 820 F. Supp. at 154 (noting that "the supplemental pleadings sufficiently notify Plaintiff of Defendant's inequitable conduct claim"). In *TruePosition*, this Court has denied a motion to strike where the pleading at issue contained only the title and publication date of one withheld prior art publication. *TruePosition*, 2003 U.S. Dist. LEXIS 881, at *19-20 ("The affirmative defense, as pled, suffices to place the plaintiffs on notice of the misconduct with which they are charged.").[1]

Furthermore, Hitachi's Complaint contains much more information related to the alleged bad acts. Paragraph 15 sets forth "when" and "how" BorgWarner first became aware of the Bruss patent. Specifically, BorgWarner became aware of the Bruss patent during the co-pending Interference No. 102,923, involving BorgWarner's '023 patent. The '023 and '738 patents involved the same technology, i.e., variable camshaft timing systems for internal combustion engines. The '023 patent serves as a background reference in the '738 patent. '738 patent, col. 1, lines 36-52. Furthermore, BorgWarner's same counsel was involved in each of the Interference and the prosecution of the '738 patent. Finally, Paragraph 15 explains that the Bruss patent is material to the patentability of claim 10 of the '738 patent.

---

[1] As a basis of comparison, in granting a motion to strike when the allegation of inequitable conduct did not cite the specific undisclosed prior art, this Court in *EMC* noted that "[a]t a minimum, EMC should have disclosed the relevant prior art" in its inequitable conduct pleading. *EMC*, 921 F. Supp. at 1263.

7

Accordingly, Hitachi's specific disclosure of the Bruss patent (plus more, such as when and how BorgWarner first became aware of the Bruss patent) easily provides sufficient notice of the inequitable conduct complained of by Hitachi. *See, e.g.*, *TruePosition*, 2003 U.S. Dist. LEXIS 881, at *19-20; *EMC*, 921 F. Supp. at 1263; *Schwarzkopf*, 820 F. Supp. at 154.

### B. BorgWarner is on Notice of, and Hitachi is Not Required to Provide, the Factual Information Alleged by BorgWarner to be Lacking from the Complaint

BorgWarner asserts that Hitachi has failed to plead either a "particular date or time" or an "alternative means of injecting precision" with respect to its inequitable conduct claim because Hitachi has not identified with any particularity "who" committed the inequitable conduct or "when" the inequitable conduct occurred. BorgWarner Br. (D.I. 10), pp. 5-6. (However, Paragraph 15 sets forth when BorgWarner became aware of the Bruss patent, during a co-pending Interference involving BorgWarner and the same technology.)

Contrary to BorgWarner's arguments, nothing in Rule 9(b) requires identification of who committed the inequitable conduct and when the inequitable conduct occurred, if BorgWarner is otherwise put on notice of the particular misconduct that gives rise to the inequitable conduct claim. *See, e.g.*, *Agere*, 190 F. Supp. 2d at 734; *EMC*, 921 F. Supp. at 1263 ("Rule 9(b) does not require that the complaint allege the date, time or place of the alleged inequitable conduct, provided the complaint gives the defendants notice of the precise misconduct alleged."). The Third Circuit Court of Appeals has noted that while allegations of "date, place or time" fulfill the function required by Rule 9(b), "nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville*, 742 F.2d at 791.

8

As described above, Hitachi's precise identification of the Bruss patent and Borg-Warner's non-disclosure of it to the USPTO substantiates its allegation of inequitable conduct and plainly places BorgWarner on notice of Hitachi's contention. *See id.*; *EMC*, 921 F. Supp. at 1263. Furthermore, based on Hitachi's allegations, all information relating to the "who" and "when" of the non-disclosure are readily apparent and available to BorgWarner from the public USPTO record as well as its own internal records.

### C. In Any Event, Hitachi Has Set Forth the Publicly-Available Facts in this Brief to Further Satisfy the Pleading Requirements of Fed. R. Civ. P. 9(b)

For purposes of clarity, however, Hitachi has pulled the allegedly missing facts from the publicly-available documents—of BorgWarner's own patenting activities—in this Brief. Specifically, the "who" related to the inequitable conduct is BorgWarner's in-house counsel, Mr. Dziegielewski. The "when" of the non-disclosure is the entire time the application that led to the '738 patent was pending before the USPTO, from May 3, 1993 until March 12, 1996.

Mr. Dziegielewski was involved in the prosecution of the '738 patent from at least June 24, 1993 through December 20, 1993. Exhibit 3, *passim*. Mr. Dziegielewski was also involved in the Interference, having received copies of numerous briefs filed from September 28, 1992 through January 31, 1994, in which the Bruss patent was cited as prior art rendering BorgWarner's claims at issue unpatentable. Exhibit 3, *passim*. As already indicated in the Complaint, both the Interference and the '738 patent relate to variable camshaft timing for internal combustion engines. Complaint, ¶ 15. Indeed, the '023 patent serves as a background reference in the '738 patent. '738 patent, col. 1, lines 36-52. Therefore, Mr. Dziegielewski should at least have been aware of the materiality of the Bruss patent to the patentability of the claims of the '738 patent.

9

With respect to "when" the inequitable conduct occurred, no single date applies to the inequitable conduct. Rather, BorgWarner knew about the Bruss patent during the Interference but failed to disclose the Bruss patent to the USPTO during the entire pendency of the application that issued as the '738 patent. Mr. Dziegielewski was aware of the Bruss patent and its relevance to variable camshaft timing systems for internal combustion engines at least as early as September 28, 1992. The application that issued as the '738 patent was pending at the USPTO from May 3, 1993 through March 12, 1996. Therefore, BorgWarner's non-disclosure of the Bruss patent to the USPTO occurred during the <u>entire</u> prosecution of the '738 patent.

In the event that this Court determines that the additional publicly-available facts are necessary to Hitachi's pleading, this Court has previously considered additional information supplied in opposition to a motion to strike, similar to that introduced in this Brief, when such information clarifies the pleadings in order to meet the requirements of Rule 9(b). *See Union Carbide*, 2000 U.S. Dist. LEXIS 14648, at *8, 10-11 (allowing a party to clarify its pleadings in its opposition brief "to overcome Rule 9(b)'s requirements", and finding that the clarification "sufficiently put plaintiff on notice of the precise misconduct with which they are charged").

In light of the additional information provided in this Brief, Hitachi respectfully submits that there can now be no doubt that Hitachi's Complaint has sufficiently put BorgWarner on notice of the precise misconduct that is alleged to form the basis for Hitachi's claim that the '738 patent is unenforceable. Specifically, Hitachi alleges that BorgWarner committed inequitable conduct in procuring the '738 patent without disclosing the Bruss patent to the USPTO.

### D. BorgWarner Relies on Legal Precedent from Situations Where Only Cursory References to Inequitable Conduct Were Pled, Which is Not the Present Situation

BorgWarner relies on legal precedent involving situations where the pleading only contained bare, conclusory allegations of inequitable conduct. For example, in *Townshend*, the defendant "merely alleged that inequitable conduct took place in obtaining [the patentee's patents]" and failed to allege *any* specific information with respect to the inequitable conduct. *See Townshend v. Rockwell Int'l Corp.*, No. C 99-0400, 2000 U.S. Dist. LEXIS 5070, at *45 (N.D. Cal. Mar. 28, 2000) (Appendix Exhibit 6). In *Papst*, the defendant provided only "conclusory allegations of inequitable conduct, failure to disclose prior art, and misrepresentations." *In re Papst Licensing, GmbH*, 174 F. Supp. 2d 446, 449 (E.D. La. 2001). In *Papst*, the defendant gave no details, including not identifying any *specific prior art* that the patentee failed to disclose. *Id*. In *Sun-Flex*, the defendants merely alleged, for example, that the plaintiffs failed to disclose "material facts, including prior art, prior inventions and patent applications." *Sun-Flex Co. v. Softview Computer Prods. Corp.*, 750 F. Supp. 962, 963 (N.D. Ill. 1990). The court found such allegations to be insufficient under Rule 9(b). *See id*.

The present situation is quite different. Paragraph 15 of Hitachi's Complaint precisely identified the non-disclosed prior art, the Bruss patent. Paragraph 15 further describes "how" and "when" BorgWarner became aware of the Bruss patent, during a co-pending Interference involving the same technology as the '738 patent. BorgWarner's legal precedent has no application to the present case.

11

## V. CONCLUSION

Hitachi's allegations of unenforceability in the Complaint gave detailed notice to BorgWarner, such that BorgWarner became aware of the precise misconduct with respect to the '738 patent that constitutes the inequitable conduct. Because BorgWarner has not demonstrated that Hitachi failed to plead with the requisite particularity under Fed. R. Civ. P. 9(b), its motion to strike Hitachi's allegations of inequitable conduct should be denied.[2]

        ASHBY & GEDDES

        */s/ John G. Day*
        Steven J. Balick (I.D. #2114)
        John G. Day (I.D. #2403)
        222 Delaware Ave., 17th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888

        *Attorneys for Plaintiff Hitachi, Ltd.*

*Of Counsel:*

Michael D. Kaminski
Pavan K. Agarwal
Liane M. Peterson
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

Dated: March 11, 2005
154485.1

---

[2] Should the Court determine that Hitachi's Complaint should contain any of the additional facts stated in this Brief, Hitachi requests leave to amend its Complaint to include the additional facts.