# Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., ) ) ) | |
| Plaintiffs, ) | C.A. NO. 05-048-SLR |
| ) v. ) ) | |
| BORGWARNER, INC., and BORGWARNER MORSE TECH, INC., ) ) ) ) | |
| Defendants. ) | |

## DECISION ON PLAINTIFFS' THIRD MOTION TO COMPEL

Steven J. Balick, Esquire, and John G. Day, Esquire, of ASHBY & GEDDES, Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.

Richard K. Herrmann, Esquire, and Mary Matterer, Esquire, of MORRIS JAMES HITCHENS & WILLIAMS, Attorneys for Defendants BorgWarner, Inc. and BorgWarner Morse Tech, Inc.

Collins J. Seitz, Jr., Special Master

## I. PROCEDURAL HISTORY

On July 19, 2006, Plaintiffs Hitachi, Ltd. and Unisia North America, Inc. (collectively "Hitachi") filed their Third Motion to Compel the production of documents listed on BorgWarner's privilege log (the "Motion"). Hitachi claims that BorgWarner's disclosure of privileged communications during the Melchior interference proceedings, and insufficient privilege log descriptions, have resulted in a waiver of the attorney-client privilege. On August 1, 2006, BorgWarner, Inc. and BorgWarner Morse Tech, Inc. (collectively "BorgWarner") filed an opposition to the Motion ("Opposition"). As part of its opposition, BorgWarner agreed that the privilege had been waived, and also produced a number of documents that were called into question by Hitachi's Motion. A number of documents, however, remained in dispute.

On August 9, 2006, I asked the parties to confer in an attempt to narrow the significant number of documents in dispute. I also informed the parties on August 12, 2006, that before they met and conferred with respect to the scope of the privilege waiver, I would provide the parties with some guidance on the legal issues in the hope that it would clarify the issues and reduce the burden of reviewing and submitting for *in camera* review such a large number of documents.

1

## II. THE PARTIES' POSITIONS

Hitachi seeks production of documents listed on BorgWarner's privilege log because BorgWarner voluntarily produced some of those documents and similar information during an interference proceeding unrelated to the '738 patent-in-suit (the Melchior interference proceeding). *Motion at 1.* In particular, Hitachi seeks the production of all documents on BorgWarner's privilege log that relate to Borg-Warner's '203 and/or '804 patents. *Id.* Hitachi argues that the waiver of the attorney-client privilege covers a broad range of documents beyond those related to the Melchior interference proceeding. For instance, Hitachi claims it is entitled to all documents that might show what the named inventors of the '738 patent-in-suit "actually invented", as well as documents "created after the filing dates for the '023 and '804 patents that shed light on what the named inventors for the '738 patent invented and what information was shared by these individuals and to whom." *See August 14, 2006 letter from counsel for BorgWarner to the Special Master at 1.*

While BorgWarner does not dispute that there has been a waiver of the attorney-client privilege for certain documents related to the Melchior interference, it disagrees that Hitachi is entitled to documents beyond those related to the Melchior interference proceedings. *Response at 2.* BorgWarner argues that because the documents it produced in the Melchior interference proceeding were

2

disclosed for the limited purpose of establishing conception, diligence and reduction to practice of its patents, the scope of the waiver in this action should be limited to those documents that pre-date the filing of its '023 and '804 patent applications, and that relate to their conception, diligence and reduction to practice. *Id.*

### III. LEGAL STANDARD

A. Choice of Law

As a general rule, Federal Circuit law applies when deciding attorney-client privilege issues in a patent case if the information sought relates to an issue of substantive patent law. *In re Echostar Communications Corp.*, 448 F.3d 1294, 1298 (Fed. Cir. 2006) and *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000). Conversely, the law of the circuit in which the district court sits controls attorney-client privilege issues in a patent case if the information sought does not relate to an issue of substantive patent law. *See In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1374 (Fed. Cir. 2001).

A procedural issue that is not itself a substantive patent law issue is nonetheless governed by Federal Circuit law if the issue pertains to patent law, if it bears an essential relationship to matters committed to the Federal Circuit's exclusive jurisdiction by statute, or if it clearly implicates the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *In*

3

*re Midwest Indus. Inc. v. Karavan Trailers Inc.,* 175 F.3d 1356, 1359 (Fed. Cir. 1999).

BorgWarner claims that the Melchior interference documents fall into two categories: (i) technical information provided by the inventors, Butterfield and Smith, to Thomas Meehan, outside counsel for BorgWarner, for use in preparing the '023 (DKT #89014) and '804 (DKT # 99042) patent applications; and (ii) draft Invention Disclosure records for the '023 and '804 patent applications. *Opposition at 3.* According to BorgWarner, these documents were produced in the Melchior interference for the limited purpose of demonstrating that BorgWarner invented the technology before Melchior and to show that BorgWarner acted diligently in preparing its patent applications. *Opposition at 2.*

With its Motion, Hitachi attached as exhibits the allegedly privileged documents that were disclosed by BorgWarner in the Melchior interference proceedings. Those documents show that they include the type of documents as alleged by BorgWarner and noted above, i.e., technical information and communications with outside counsel. *Opposition Exhibits 6 and 7.* All of these documents regarding the '023 patent pre-date the application resulting in the '023 patent (filed on October 16, 1989), and all of the documents regarding the '804 patent pre-date the application resulting in the '804 patent (filed on June 11, 1991).

4

The Federal Circuit in *Spalding Sports* adopted a broad interpretation of the "pertains to" or "relates to" standard when addressing the choice of law issue. The Federal Circuit found that Federal Circuit law should govern the attorney-client privilege issue because the privileged status of an invention disclosure record relates to an invention submitted for consideration for possible patent protection, and therefore clearly implicates substantive patent law. 203 F.3d at 804. Based upon the Federal Circuit's decision in *Spalding Sports,* I find that the attorney-client privilege waiver issue in this case sufficiently implicates the substantive patent law such that Federal Circuit precedent should control the inquiry.[1]

B.  Scope of the Waiver

The voluntary disclosure of the content of an attorney-client communication waives the attorney-client privilege as to all other communications on the same subject matter. *Echostar Communications Corp.,* 448 F.3d 1294, 1301 (Fed. Cir. 2005). The rule is based upon considerations of fairness. The waiver can extend beyond the documents initially produced out of concern that the privilege holder may disclose communications that support its position while simultaneously concealing communications that do not. *Fort James Corp. v. Solo Cup Co.,* 412 F.3d 1340, 1349 (Fed. Cir. 2005) *cert. denied,* __ U.S. __, 126 S. Ct. 1768 (2006).

---

[1] The choice of law issue is probably of little consequence to the outcome of the waiver issue before the Special Master. Furthermore, both parties have relied on precedent from other circuits, leading to the conclusion that the general law of the other circuits is not contrary to Federal Circuit precedent on the scope of the waiver issue.

5

While there is no bright line test for determining the scope of subject matter waiver, courts weigh the circumstances of the disclosure, the nature of the legal advice sought, and the prejudice to the parties of permitting or prohibiting further disclosures. *Id.*

## IV. DISCUSSION

BorgWarner produced the documents at issue in an unrelated interference proceeding to demonstrate prior conception, diligence and reduction to practice regarding the inventions eventually claimed in the '023 and '804 patents (which patents are not at issue in this matter). *Opposition at 2, 4.* In addition, Borg-Warner has represented that it does not intend to rely upon the privileged documents in this action, so there is no risk to Hitachi that BorgWarner is selectively waiving the attorney-client privilege for favorable advice while asserting the privilege for unfavorable advice. *Opposition at 4.* Finally, BorgWarner has agreed to produce the complete invention record for the '023 and '804 patents, meaning Hitachi will have what it needs to evaluate the timing and substance of Messrs. Butterfield's and Smith's invention. *See Letter from counsel for BorgWarner to Special Master dated August 15, 2006 at 1.*

BorgWarner has offered to produce the documents on its privilege log that pre-date the filing of the applications in question which relate to conception and reduction to practice, as well as documents concerning draft applications of the

6

'023 and '804 patents. *Opposition Brief at 6*. I find that BorgWarner's interpretation of the scope of the waiver to be the correct one, and therefore BorgWarner need only produce the foregoing documents from its privilege log.

In its August 14, 2006 submission, Hitachi cited two decisions to support its argument that the scope of the waiver should be more broadly construed. In *Bayer AG v. Housey Pharmaceuticals*, C.A. No. 01-148-SLR, 2002 WL31433303 (D. Del. June 20, 2002), the defendant produced redacted versions of its invention reports to share the "original scientific research information supporting the Housey patents." *Id. at *1*. In addressing the "fairness" component of the waiver rule, the Court concluded that "the issue of ownership is so intertwined with the issues of conception and reduction to practice that waiver cannot be limited in the fashion suggested by defendant (limited to conception and reduction to practice)." *Id.* The Court reasoned that it would not permit the defendant "to dissect the invention reports so that only those parts of the inventive process that support its decision are disclosed, otherwise using the attorney-client privilege to shield from disclosure relevant information concerning the remainder of the inventive process." *Id.*

Hitachi argues that the decision by the Court in *Bayer AG* expands the scope of the waiver issue beyond subject matter disclosed, and as a result, Hitachi should also be allowed broad access to privileged information in this matter. Hitachi further argues that the named inventors for the '738 patent (the patent at issue in

7

this litigation) derived concepts claimed in the '738 patent from Messrs. Butterfield and Smith, among others. As a result, Hitachi claims that documents showing what Messrs. Butterfield and Smith actually invented are relevant to Hitachi's derivation defense under 35 U.S.C. § 102(f).

I disagree with Hitachi's broad interpretation of *Bayer AG*. The Court required the defendant to produce unredacted versions of the invention report in order to avoid the use of the privilege as a "sword and shield." In the present case, this risk is not present because, as noted above: (i) the privileged documents in dispute relate to two patents (the '023 and the '804 patents) that are not at issue in this lawsuit; (ii) BorgWarner has represented that it does not intend to rely upon the privileged documents in this action; and (iii) BorgWarner has agreed to produce the complete invention record for the '023 and '804 patents, so Hitachi will have everything it needs to evaluate what Messrs. Butterfield and Smith claim to have invented.

Hitachi also cites *Aclara Biosciences, Inc. v. Caliper Techs Corp.*, No. C99-1968 CRB (JCS), 2002 WL 31433303 (N.D. Cal. June 16, 2000) for the proposition that the scope of the waiver should not be limited in time.[2] Hitachi

---

[2] In reviewing the Court's decision in the *Aclara Biosciences* case cited by Hitachi, I note that the Court, in addition to discussing the scope of the waiver and time limitation, also discussed whether the subject matter of the waiver should be construed broadly or narrowly. The Court noted that the scope of the subject matter of the waiver should be construed narrowly, and this narrow construction should be grounded in the production necessary to prevent unfairness to the party seeking protection. See *Aclara Biosciences, Inc. v. Caliper Technologies Corp.*, 2001 WL

8

claims that there may be documents created after the filing dates of the '023 and '804 patents that "shed light on" what Messrs. Butterfield and Smith invented.

Hitachi's argument, however, misses the mark. The court in *Aclara Biosciences* anchored its decision on concepts of fairness which the Court described as the "key issue" in determining the scope of the waiver of attorney-client privilege. *Id.* at *6. As explained previously, the unfairness issue is not present in this case. *See Fort James Corp. v. Solo Cup Co.*, 412 F.3d at 1349-50 (waiver of privilege regarding invention disclosure is constrained to the time period prior to the filing of the application because the disclosure is drafted well before the filing of the patent application). *See also Lear Auto. Dearborn, Inc. v. Johnson Controls, Inc.*, No. 04-73461, 2006 WL 800740 (E.D. Mich. March 28, 2006) (disclosure of date and content of conception operated as a waiver of attorney-client privilege but the scope of the waiver was limited to the date and content of the conception and did not extend to other areas such as invention or drafting, filing or prosecution of patent); and *Katz v. AT&T Corp.*, 191 F.R.D. 433, 441 (E.D. Pa. 2000) (disclosures made to establish conception dates limited scope of waiver to date of application because the issue of the conception date of an invention and its necessary elements is constrained to the time period prior to filing).

---

777083 at *5 (N.D. Cal.) citing *Starsight Telecast v. Gemstar Development Corp.*, 158 F.R.D. 650 , 655 (N.D. Cal 1994).

9

## V. CONCLUSION

For the foregoing reasons, I find that the attorney-client privilege waiver should be limited to documents on BorgWarner's privilege log that pre-date the filing of the '023 and '804 patent applications, and include information about conception, diligence or reduction to practice of the '023 and '804 patents, as well as documents that concern draft applications of the '023 and '804 patents.

_____
Special Master

Dated: August 22, 2006

10