# Exhibit M

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| ) | Civil Action No. 05-048-SLR |
| v. ) ) | |
| BORGWARNER INC., ) and BORGWARNER MORSE TEC INC., ) ) | |
| Defendants. ) ) | |
| BORGWARNER INC., ) ) | |
| Counterclaimant, ) ) | |
| v. ) ) | |
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC. ) ) ) | |
| Counterdefendants. ) | |

## SCHEDULING ORDER

This 8th day of June, 2005, the Parties having satisfied their obligations under Fed.R.Civ.P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed.R.Civ.P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**: The Parties have exchanged the information required by Fed.R.Civ.P. 26(a)(1) and D. Del. LR 16.2 on <u>April 29, 2005</u>.

2. **Discovery:**

 (a) The Parties anticipate requiring discovery from each other and third parties to support their claims, affirmative defenses, and/or counterclaims, including discovery regarding Hitachi's claims of invalidity, noninfringement, unenforceability, and inequitable conduct, and BorgWarner's claims of infringement, willfulness and damages.

 (b) All fact discovery shall be commenced in time to be completed by January 13, 2006.

  (1) Document production shall begin as soon as practicable and shall continue on a rolling basis such that it is substantially complete by August 5, 2005.

While both parties commit to working diligently on document discovery efforts, Hitachi commits to begin in good faith the production of documents by June 24, 2005, including documents relating to the structure and operation of the accused products (See BorgWarner Document Requests Nos. 1-15), and prior art. In the event that none of these documents have been produced by the above date, the parties shall confer with the Court through a telephone conference.

Any remaining document production shall be completed no later than September 16, 2005.

  (2) Maximum of 25 interrogatories by each named party to each other named party.

2

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 35 requests for admission by each party to any other party, not including requests directed to the authentication of documents and the proper translation of foreign documents.

(5) In the absence of agreement among the Parties or by order of the Court, no deposition (other than those noticed under Fed.R.Civ.P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Each party is collectively limited 150 hours for depositions of all witnesses, except expert witnesses. Each party may petition the Court for additional deposition testimony upon the showing of good cause. The parties shall not engage in duplicative discovery. The parties agree that, for the convenience of the witnesses and parties, depositions may be taken in Japan according to permissible procedures that comply with Japanese law. However, in the event those procedures can not be arranged satisfactorily, then Hitachi agrees to produce its deposition witnesses in Washington D.C. Because some of these Hitachi witnesses reside in Japan, Hitachi reserves the right to object to any unnecessary, duplicative or unduly burdensome deposition request made by BorgWarner. The parties will work in good faith to resolve any disputes regarding the reasonableness of Borg Warner's deposition requests. If the

parties cannot resolve such a dispute, then Hitachi will move the Court for an appropriate protective order.

(7) The Parties agree that service of discovery, motions or other materials during this case shall be made on lead counsel of record (with copies to all counsel of record) by hand-delivery, facsimile or e-mail. If service was made by facsimile or e-mail on a particular counsel, a confirmation hard copy shall be sent overnight mail to that counsel. Exhibits to such materials are not required to be served with an e-mail or facsimile provided that the exhibits are served with the confirmation hard copy by overnight delivery. However, if a party chooses to serve such exhibits with the corresponding materials by e-mail or facsimile, confirmation hard copies may be served by First Class mail instead of overnight mail. Service by hand-delivery/facsimile/e-mail shall be considered served on the date hand-delivered, faxed or e-mailed provided that any necessary confirmation hard copies were sent by overnight mail in accordance with this paragraph. Nothing in this paragraph shall preclude any party from otherwise serving materials not filed with the Court by any other acceptable service methods under the Federal Rules.

(c) Expert discovery shall be commenced in time to be completed by <u>April 13, 2006</u>.

(1) Expert reports on issues for which the Parties have the burden of proof are due <u>February 13, 2006</u>. Rebuttal expert reports are due <u>March 13, 2006</u>.

(2) Expert depositions to be limited to a maximum of <u>7</u> hours unless extended by agreement of the parties.

4

(3) All <u>Daubert</u> motions shall be filed no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d) Hitachi shall advise BorgWarner by <u>November 16, 2005</u> whether it intends to rely on advice of counsel in defense to BorgWarner's charge of willful infringement. If Hitachi intends to rely on the advice of counsel defense, it shall produce all documents related to that advice of counsel within the scope of Hitachi's waiver of privilege (as set forth by applicable case law) on or about <u>November 16, 2005</u>. Hitachi agrees to produce a witness on this topic in the United States, unless other depositions of Hitachi are scheduled to be taken in Japan after November 16, 2005.

(e) Supplementations under Rule 26(e) shall take place <u>in a timely manner throughout discovery</u>, but at the very least shall be made on <u>September 16, 2005</u> and <u>November 18, 2005</u>.

(f) Discovery Disputes:

(1) The Court shall conduct in-person at least two (2) discovery status conferences – the first on <u>August 9, 2005 at 4:30 p.m.</u>, and the second on <u>December 15 at 4:30</u>, *2005* [handwritten] *svf* p.m., or at some other date and time convenient for the Court.

(2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the Court following a discovery conference, no motions pursuant to Fed.R.Civ.P. 37 shall be filed.

5

(g) Fact Witnesses to be Called at Trial:

Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

(h) E-mail Discovery:

The parties shall exchange lists by June 10, 2005 of the most likely custodians of highly relevant e-mail materials, including their titles and a brief description of their responsibilities. The parties agree to initially examine the hard drives of the most likely custodians for highly relevant e-mail materials, including individuals listed on the parties' Initial Disclosures, and their co-workers, and produce those accordingly. The parties agree to examine the hard drives of select individuals identified by June 24, 2005, by the other party on the basis of discovery for highly relevant e-mail materials.

E-mail shall be produced in a timely manner in accordance with the Federal Rules of Civil Procedure after document requests have been received. The parties shall provide e-mail to the requesting party as image files (either PDF or TIFF), in hard copy, or in a format as otherwise mutually agreed upon in writing. E-mail that contains privileged information or

6

attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or upon notice of the inadvertent production by the producing party within a reasonable time. Costs of discovery shall generally be borne by each party. The court may apportion the costs of e-mail discovery upon a showing of good cause.

3. **Joinder of Other Parties and Amendment of Pleadings**: All motions to join other Parties and/or amend the pleadings shall be filed on or before June 3, 2005.

4. **Settlement Conference**: Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification**: If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on September 14, 2005, the Parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the Court. Subsequent to exchanging such lists, the Parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions**: All summary judgment motions shall be served and filed with an opening brief on or before April 13, 2006. Response briefs in opposition to motions for summary judgment shall be filed no later than (to be set) [handwritten: May 1, 2006 JLT]. Reply briefs in support of such motions for summary judgment shall be filed no later than May 15, 2006. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the Court. Hitachi reserves the right to request an early summary judgment motion on a case dispositive issue.

7

7.  **Claim Construction:** The parties shall agree upon and file the Joint Claim Construction Statement on April 3, 2006, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on April 3, 2006. Simultaneous response briefs should be filed by April 17, 2006. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on June 15, 2006 at 3:00 p.m. *SLR*

8.  **Applications by Motion:** Any application to the Court shall be by written motion filed with the clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

    (a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.  **Motions in Limine:** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

8

10.     **Pre-trial Conference**: A pre-trial conference will be held on August 14, 2006 at 4:30 pm. in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pre-trial conference.

11.     **Trial**: This matter is scheduled for a two-week jury trial commencing on August 28, 2006, in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pre-trial preparations, the Parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Honorable Sue L. Robinson
Chief Judge

158177.1

9